# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL CASE NO. 3:21-cv-00314-MR

OMAR DUPRAZ CRITTINGTON,     )
                              )
            **Plaintiff,**         )
                              )
**vs.**                               )
                              )
**GARRY L. MCFADDEN, et al.,**     )         <u>**ORDER**</u>
                              )
            **Defendants.**     )
_____ )

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], and Motion to Appoint Counsel [Doc. 5].

## I.    BACKGROUND

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983[1] addressing incidents that allegedly occurred at the Mecklenburg County

---

[1] The Plaintiff cites the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments of the U.S. Constitution. The Fourth, Fifth, and Tenth Amendments have no apparent applicability to this case, and the Ninth Amendment creates no constitutional rights and cannot support a § 1983 civil rights claim. <u>See</u> <u>James-Bey v. N.C. Dep't of Public Safety</u>, 1:19-cv-00020-FDW, 2019 WL 5198490 (W.D.N.C. Oct. 15, 2019). The Plaintiff also cites the United Nation's Universal Declaration of Human Rights, however, the Declaration does not create a private right of action. <u>See</u> <u>Moore v. Solomon</u>, 1:16-cv-00238-FDW, 2016 WL 6272406, at *3 n.3 (W.D.N.C. Oct. 25, 2016) (noting that the

Detention Center while the Plaintiff was a pretrial detainee.[2] He also appears to assert claims under North Carolina law for negligence and medical malpractice. He names as Defendants in their individual and official capacities: Eric L. Byrum Jr., A. Durrah, and FNU Jarreal, sergeants; K. Jhonson, a D.A.R.T. detention officer; and D. Davis, a detention officer. The Plaintiff names as Defendants in their official capacities: Garry L. McFadden, the Mecklenburg County sheriff; FNU Santos, an administrative officer; D.W. Wallace, a hearing officer; FNU Graveley, a classification officer; Z. Parker, a major; FNU Savory, C. Pearson, M. Sawyer, FNU Mack, captains; J. Moore, an administrative captain; D. Byers, A. Currin, FNU Hill, sergeants; FNU Nepay, FNU Starling, FNU Horten, B. Jackson, FNU Davis, FNU Lunceford, FNU Hicks, FNU Lyons, FNU McKoy, FNU Cavanar, FNU Herrin, FNU De'Long, FNU Clemons, and FNU Hollow, detention officers; T. Snell, a D.A.R.T. detention officer; FNU Lawrnce, a deputy; FNU Grimes, and FNU Black, nurses; and Sheryl Drakeford, the finance supervisor.

As injury, the Plaintiff alleges that he sustained physical injuries in two separate incidents, and that he has experienced anxiety, depression, mental

---

Universal Declaration does not create a private right of action) (citing <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 734 (2004)).

[2] The Plaintiff is no longer incarcerated.

anguish, pain and suffering, economic deprivation, mental duress, anxiety, and panic attacks as a result of the Defendants' actions or failure to act. Plaintiff seeks a total of $60 million in damages.[3]  [Doc. 1 at 16].

## II.    APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual seeking to proceed in forma pauperis need only show indigence or poverty sufficient to demonstrate his inability to provide for the necessities of life while paying the costs of litigation.  Id. at 339-40.  If a court determines at any time that the allegation of poverty made in an in forma pauperis application is "untrue," then the court "shall dismiss the case."  28 U.S.C. § 1915(e)(2)(A).

---

[3] The Plaintiff expresses interest in pressing charges against Defendants Byrum, Jhonson and D. Davis.  [See Doc. 1 at 26].  However, such relief is not available in this § 1983 action.   See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("in American jurisprudence …, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Harris v. Salley, 339 F. App'x 281 (4th Cir. 2009) (prisoner lacked equal protection right to have criminal proceedings instituted against § 1983 defendants).

3

Upon review of the Application, the Court is satisfied that the Plaintiff has demonstrated his inability to pay the costs of the proceedings, and his Application will be granted.

## III.    STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a *pro se* complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

4

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

Further, the Plaintiff makes allegations regarding incidents involving other inmates. As a *pro se* inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to

litigate for others"); <u>Hummer v. Dalton</u>, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of others, they are dismissed with prejudice.

The Plaintiff names Sheriff McFadden and the other Defendants, all of whom are Sheriff's Office employees, in their official capacities. The claims against the Defendant sheriff's office employees in their official capacities are duplicative of the claims against Sheriff McFadden. <u>See Love-Lane v. Martin</u>, 355 F.3d 766, 783 (4th Cir. 2004); <u>Carpenter v. Trammel</u>, No. 1:18-cv-00016-MR-WCM, 2019 WL 2088424, at *5 (W.D.N.C. May 13, 2019). Accordingly, the official capacity claims against the Defendant sheriff's office employees are dismissed.

As for the official capacity claims against Sheriff McFadden, suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself. <u>Gannt v. Whitaker</u>, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, a plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of

Case 3:21-cv-00314-MR   Document 18   Filed 11/22/21   Page 6 of 21

federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same).

Here, the Plaintiff appears to allege that the following resulted from Sheriff's Office custom and policy: an unfair disciplinary hearing; inhumane conditions of confinement; failure to keep dangerous inmates away from each other; and threats and due process violations to cover up staff misconduct.

The claims against Defendant McFadden in his official capacity, and the Plaintiff's individual capacity claims against the Sheriff's Office employee Defendants, will be discussed in the sections that follow.

**B. Excessive Force**

The Plaintiff alleges that: Defendants Byrum, Jhonson and D. Davis used excessive force against him [Doc. 1 at 23-26]; Defendants Durrah and Jarreal threatened to beat him when he refused to enter a contaminated cell [id. at 26-27]; and Defendant Durrah threatened him so that he would sign an amended use of force statement regarding the excessive force incident [id. at 27]. He further appears to allege that the threats resulted from a Sheriff's Office custom or policy. [Id. at 11].

7

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment."  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable."  Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015).  The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one."  Id.  In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."  Id. (citing Graham, 490 U.S. at 396).  A verbal threat combined with action apparently designed to carry out that threat may state an Eighth Amendment claim.[4]  See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978).  However, "[v]erbal abuse alone does not violate a constitutional right."  Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (unpublished) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

Taking the allegations as true for the purposes of initial review, and construing the inferences in Plaintiff's favor, the Court concludes that the

---

[4] "The due process rights of a pretrial detainee are *at least* as great as the eighth amendment protections available to the convicted prisoner."  Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (quoting Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)).

8

Plaintiff has stated an excessive force claim sufficient to pass initial review against Defendants Byrum, Jhonson, and D. Davis; and against Durrah and Jarreal for threatening him. The <u>Monell</u> claim regarding threats is also minimally sufficient to pass initial review against Defendant McFadden. Accordingly, these claim will be allowed to proceed at this time.

### C. Failure to Protect

The Plaintiff alleges that he was repeated placed in proximity to inmates who posed a danger to him as a result of Sheriff's Office custom or policy. [Doc. 1 at 10, 17]. He also appears to allege that several Defendants were negligent for housing him with an inmate with whom the Plaintiff had a prior altercation, and who threatened the Plaintiff, which led to the Plaintiff's injury. [<u>Id.</u> at 17-18].

"A failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment to the United States Constitution." <u>McFadden v. Butler</u>, No. TDC-16-0437, 2018 WL 1394021, at *4 (D. Md. Mar. 19, 2018) (citing <u>Smith v. Sangamon Cty. Sheriff's Dep't</u>, 715 F.3d 188, 191 (7th Cir. 2013)). "Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner." <u>Id.</u> (citing <u>Hill</u>, 979 F.2d at 991 (citations omitted)). "Thus, the standards for a Fourteenth Amendment failure-to-protect claim

9

are the same as those for a comparable claim brought by a convicted prisoner under the Eighth Amendment." Id. (citations omitted). Cf. Michaelson v. Coon, No. 20-6480, 2021 WL 2981501 (4th Cir. 2021) (declining to resolve whether a failure to protect claim should be analyzed under Kingsley's objective reasonableness standard or a deliberate indifference standard). To show deliberate indifference under the Eighth Amendment, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, the deprivation alleged must be, "objectively, sufficiently serious." Id. at 834 (citation and internal quotation marks omitted); see Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010) ("[A] prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions.") (quoting Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003)).

Taking the allegations as true for the purposes of initial review, and construing the inferences in Plaintiff's favor, the Court concludes that the

Plaintiff has sufficiently asserted a <u>Monell</u> claim against Defendant McFadden for failure to protect to pass initial review.[5]  Accordingly, this claim will be allowed to proceed.  The Court declines to exercise supplemental jurisdiction over the Plaintiff's related negligence claims, as a failure to protect claim has not passed initial review against any Sheriff's Office employee Defendant whose alleged negligence injured the Plaintiff.  <u>See generally</u> 28 U.S.C. § 1367.

### D.    Deliberate Indifference to a Serious Medical Need

The Plaintiff alleges that he received inadequate medical treatment, which rose to the level of malpractice after he was beaten by another inmate.[6]  [Doc. 1 at 10, 18-19].

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[7]  <u>Estelle v. Gamble</u>, 429

---

[5]  The claim would likewise pass initial review under the <u>Kingsley</u> objective reasonableness standard.

[6] The Plaintiff further alleges that this inadequate care rose  "to the point of … [an] equal protection [violation]," however, he fails to explain how equal protection relates to his medical care claim whatsoever.  [Doc. 1 at 10].  Nor does he allege that he has been treated differently from others with whom he is similarly situated, or that the unequal treatment was the result of intentional or purposeful discrimination.  <u>See</u> <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001).  Therefore, to the extent that the Plaintiff intended to raise an equal protection claim, it is dismissed.

[7] Although a pretrial detainee's claim arises under the Fourteenth Amendment, the Fourth Circuit has "traditionally looked to Eighth Amendment precedents in considering a

U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

The Plaintiff has failed to assert a claim against any Defendant in his or her individual capacity for deliberate indifference to a serious medical need, and he does not appear to allege that such resulted from a Sheriff's Office custom or policy. Therefore, his claim of deliberate indifference to a serious medical need is dismissed without prejudice. Because the Plaintiff's § 1983 deliberate indifference claim is being dismissed, the Court declines

---

Fourteenth Amendment claim of deliberate indifference to serious medical needs." Mays v. Sprinkle, 992 F.3d 295 (4th Cir. 2021) (declining to resolve whether the Supreme Court's decision in Kingsley altered the standard that applies to pretrial detainees' claims of deliberate indifference to a serious medical need).

to exercise supplemental jurisdiction over the Plaintiff's medical malpractice claim.  See generally 28 U.S.C. § 1367.

### E.    Conditions of Confinement

The Plaintiff alleges that Defendants Durrah and Jarreal exposed him to unsanitary living conditions [Doc. 1 at 11, 27]; and that Defendant Byrum imposed, and Defendant Durrah enforced, punitive solitary confinement without due process [id. at 11, 30].  He further alleges that his exposure to these unconstitutional conditions of confinement resulted from Sheriff's Office custom or policy.  [Id. at 11].

An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment."  Tate v. Parks, 791 F. App'x 387, 390 (4ᵗʰ Cir. 2019) (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4ᵗʰ Cir. 2018)).  "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that the Plaintiff has sufficiently asserted a claim against Defendants Byrum, Durrah, and Jarreal for exposing him to unconstitutional conditions of confinement, as well as a <u>Monell</u> claim against Defendant McFadden to pass initial review.

### F.    Use of Force Statement

The Plaintiff appears to allege that he was denied due process when he was threatened so as to force him to sign a second, inaccurate, use of force statement regarding the excessive force incident, and that this resulted from a Sheriff's Office custom or policy.  [Doc. 1 at 11].

"The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."  <u>DeShaney v. Winnebago County Dep't of Soc. Servs.</u>, 489 U.S. 189, 196 (1989))); <u>see, e.g.</u>, <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); <u>Savage v. County of Stafford, Va.</u>, 754 F.Supp.2d 809 (E.D. Va. 2010) (deputy sheriff's alleged failure to document and investigate arrestee's alibi did not violate due process).

Because the Plaintiff did not have any right to have the excessive force incident investigated, he had no due process rights associated with the use of force statement. Therefore, he has failed to state a due process claim or a Monell claim regarding the use of force statement and this claim is dismissed with prejudice.

## G. Inmate Trust Account

The Plaintiff alleges that $2,074.45 was improperly deducted from his inmate trust account for expenses he incurred during a prior incarceration, without due process [Doc. 1 at 20-21]; the finance department fraudulently cashed his stimulus check [id. at 21-23]; and Defendant Byrum failed to prevent and correct these issues [id. at 10, 23-24].[8]

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). Where a state

---

[8] The Plaintiff also appears to allege that Defendant McFadden is liable in his individual capacity for failing to correct these issues, however, such claims cannot proceed because the Plaintiff has only named McFadden in his official capacity.

employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy.  Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); see Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975) (under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).  The Parratt-Hudson doctrine does not apply, however, to deprivations that are a "result of some established state procedure."  Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

The Plaintiff appears to allege that the deduction from his inmate account and the cashing of his stimulus check resulted from random, unauthorized acts rather than an established procedure.  Adequate post-deprivation remedies exist for these alleged losses, so there is no legal theory which would support a due process claim for these issues.

Accordingly, the Plaintiff's claims for the trust account deduction and the cashing of his stimulus check are dismissed without prejudice.

## H. Grievances

The Plaintiff appears to allege that he was denied due process with regard to the Detention Center's grievance procedures. [Doc. 1 at 19, 21].

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." <u>Booker v. S.C. Dep't of Corr.</u>, 885 F.3d 533, 541 (4th Cir. 2017). Plaintiff's allegations that he submitted grievances that went unanswered fails to rise to the level of a constitutional violation.

Plaintiff's allegations that he was denied the Detention Center's grievance procedure fails to rise to the level of a constitutional violation. Therefore, this claim will be dismissed for failure to state a claim upon which relief can be granted.

## I. Disciplinary Proceeding

The Plaintiff alleges that he did not receive a fair, just, and impartial disciplinary proceeding regarding his altercation with another inmate. [Doc.

1 at 17]. He appears to allege that this was the result of unfair Sheriff's Office custom or policy. [Id.].

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate, 791 F. App'x at 390 (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). Thus, a pretrial detainee is entitled to procedural due process in connection with any "punishment" imposed on him by a detention facility. Dilworth v. Adams, 841 F.3d 246, 251–52 (4th Cir. 2016).

The Plaintiff has failed to name any Defendant in his or her individual capacity with regard to this claim. Moreover, the allegations are too vague and conclusory to plausibly allege that any procedural due process violation occurred, or that such was the result of Monell liability. The Plaintiff merely states that the proceeding was unfair and expresses his disagreement with its outcome. Accordingly, this claim is dismissed without prejudice.

**J.    Motion to Appoint Counsel**

Finally, the Plaintiff asks the Court to appoint counsel to represent him in this case. [Doc. 5]. He argues that it is an abuse of discretion to decline to appoint counsel where an indigent plaintiff presents exceptional circumstances.

18

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and this Motion is denied.

## V.   CONCLUSION

In sum, the Complaint has passed initial review: against Defendants Byrum, Jhonson, D. Davis, Durrah, and Jarreal in their individual capacities for the use of excessive force and threats; against Defendants Byrum, Durrah, and Jarreal in their individual capacities for unconstitutional conditions of confinement; and against Defendant McFadden in his official capacity for threats, failure to protect, and unconstitutional conditions of confinement on a theory of <u>Monell</u> liability. The Plaintiff's claims asserted on behalf of others, against the Sheriff's Office employees in their official capacities, and for due process violations with regards to the use of force statement and grievance procedure are dismissed with prejudice; the remaining claims are dismissed without prejudice.

19

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted.[9] Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims set forth above.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

2. The Plaintiff's Motion to Appoint Counsel [Doc. 5] is **DENIED**.

3. The Complaint has passed initial review: against Defendants Byrum, Jhonson, D. Davis, Durrah, and Jarreal in their individual capacities for the use of excessive force and threats; against Defendants Byrum, Durrah, and Jarreal in their individual capacities for unconstitutional conditions of confinement; and against

---

[9] A blank civil rights complaint form may be located on the Court's website. https://www.uscourts.gov/forms/civil-pro-se-forms.

20

Defendant McFadden in his official capacity for threats, failure to protect the Plaintiff, and unconstitutional conditions of confinement.

4. The claims that the Plaintiff asserts: on behalf of others; and for due process violations with regards to the use of force statement and grievances are **DISMISSED WITH PREJUDICE**.

5. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

6. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will proceed only as set forth in this Order.

**IT IS SO ORDERED**.

Signed: November 22, 2021

Martin Reidinger
Chief United States District Judge